IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MCCLAIN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

KIMBERLY T. MCCLAIN, APPELLANT.

Filed July 24, 2018.    Nos. A-17-1063, A-17-1064.

Appeal from the District Court for Douglas County: GREGORY M. SCHATZ, Judge. Judgment in No. A-17-1063 affirmed. Judgment in No. A-17-1064 vacated, and cause remanded with directions.

Travis Penn, of Penn Law Firm, L.L.C., for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

MOORE, Chief Judge, and PIRTLE and ARTERBURN, Judges.

PIRTLE, Judge.

INTRODUCTION

Kimberly T. McClain appeals from her plea-based convictions and sentences for second degree forgery, $5,000 or more, in case No. A-17-1063, and for second degree forgery, $1,500 to $5,000, in case No. A-17-1064, both in the district court for Douglas County. The two cases were consolidated for plea and sentencing purposes in the district court and have been consolidated on appeal. Based on the reasons that follow, the sentence in case No. A-17-1063 is affirmed, and the sentence in case No. A-17-1064 is vacated, and the cause remanded with directions.

BACKGROUND

In case No. A-17-1063, McClain was charged by information with one count of second degree forgery, $5,000 or more, a Class IIA felony, and one count of unauthorized use of a financial transaction device, $5,000 or more, also a Class IIA felony. In case No. A-17-1064, McClain was charged by information with one count of second degree forgery, $1,500 to $5,000, a Class IV felony.

Pursuant to a plea agreement with the State, McClain pled no contest to second degree forgery, $5,000 or more, in case No. A-17-1063, and to second degree forgery, $1,500 to $5,000, in case No. A-17-1064. In exchange for McClain's pleas, the State agreed to dismiss the second charge in case No. A-17-1063, unauthorized use of a financial transaction device, $5,000 or more. The district court accepted McClain's pleas after receiving a factual basis from the State.

The factual basis given by the State in case No. A-17-1063 established that between June 23 and August 2, 2016, McClain removed several checks from Allen Black's residence and subsequently forged and cashed those checks in various amounts totaling more than $17,000.

The factual basis given by the State in case No. A-17-1064 established that McClain, also known as Kimberly Turner, stole several checks from Roy Waterman and that between January 21 and February 24, 2016, she forged and cashed those checks in various amounts totaling $4,555.

The court subsequently sentenced McClain to 6 to 8 years' imprisonment for second degree forgery, $5,000 or more, and to 2 years' imprisonment for second degree forgery, $1,500 to $5,000. The court ordered the two sentences to run consecutively.

ASSIGNMENT OF ERROR

McClain assigns that the trial court erred by imposing excessive sentences.

STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Wofford*, 298 Neb. 412, 904 N.W.2d 649 (2017).

ANALYSIS

McClain argues that the trial court's sentences in both cases were excessive. In case No. A-17-1063, McClain was convicted of second degree forgery, $5,000 or more, a Class IIA felony. Neb. Rev. Stat. § 28-603(2) (Reissue 2016). Statutory sentencing guidelines for a Class IIA felony provide for a maximum sentence of 20 years' imprisonment and no minimum sentence. Neb. Rev. Stat. § 28-105 (Reissue 2016). The sentence imposed by the trial court, 6 to 8 years' imprisonment, was within the statutory limits. Therefore, it will not be disturbed absent an abuse of discretion. *State v. Wofford, supra.*

When imposing a sentence, a sentencing judge should customarily consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Mora*, 298 Neb. 185, 903 N.W.2d 244 (2017). However, the sentencing court is not limited to any mathematically applied set of factors. *Id.* The appropriateness of a sentence is necessarily a

subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

The record shows the trial court reviewed the presentence investigation report and considered all appropriate sentencing factors. There is no indication that the trial court considered any inappropriate factors in determining the sentence to be imposed. As a result, the sentence imposed by the trial court in case No. A-17-1063 does not constitute an abuse of discretion.

In case No. A-17-1064, McClain was convicted of second degree forgery, $1,500 to $5,000, a Class IV felony. § 28-603(3). Statutory sentencing guidelines for a Class IV felony provide for a maximum sentence of 2 years' imprisonment and 12 months' postrelease supervision, or a $10,000 fine, or both, and no minimum sentence. If a term of imprisonment is imposed, it must be followed by a minimum of 9 months' postrelease supervision. § 28-105. However, where, as in this case, a sentence of imprisonment for a Class IV felony is ordered to run consecutively or concurrently to a sentence of imprisonment for a Class IIA felony, "the court shall impose an indeterminate sentence within the applicable range in section 28-105 that does not include a period of post-release supervision." Neb. Rev. Stat. § 29-2204.02(4) (Reissue 2016).

The trial court sentenced McClain to 2 years' imprisonment with no period of postrelease supervision. The State contends that the trial court's determinate sentence of 2 years' imprisonment constitutes plain error.

An appellate court always reserves the right to note plain error which was not complained of at trial or on appeal. *State v. Chacon*, 296 Neb. 203, 894 N.W.2d 238 (2017). Plain error exists where there is error, plainly evident from the record but not complained of at trial, that prejudicially effects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Jones*, 293 Neb. 452, 878 N.W.2d 379 (2016).

Because the trial court was required by § 29-2204.02(4) to impose an indeterminate sentence for second degree forgery, $1,500 to $5,000, a Class IV felony, as it was ordered to run consecutive to a sentence of imprisonment for a Class IIA felony, its failure to do so constitutes plain error. Consequently, we vacate McClain's sentence for second degree forgery, $1,500 to $5,000, in case No. A-17-1064 and remand the cause for resentencing consistent with § 29-2204.02(4).

## CONCLUSION

In case No. A-17-1063, we conclude that the trial court did not abuse its discretion in sentencing McClain for second degree forgery, $5,000 or more, and we affirm. In case No. A-17-1064, we vacate McClain's sentence for second degree forgery, $1,500 to $5,000, and remand the cause to the district court for resentencing in accordance with this opinion.

JUDGMENT IN NO. A-17-1063 AFFIRMED.
JUDGMENT IN NO. A-17-1064 VACATED, AND
CAUSE REMANDED WITH DIRECTIONS.